Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| VERÓNICA ROSADO PEDROZA, JENNIFER ROSADO PEDROZA Y OTROS<br><br>Parte Peticionaria<br><br>v.<br><br>SERAFÍN GILBERTO ROSADO COLÓN Y OTROS<br><br>Parte Recurrida | TA2026CE00464 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2021CV02048<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2026.

El 15 de abril de 2026, la Sra. Verónica Rosado Pedroza (señora Rosado Pedroza o parte peticionaria), presentó este recurso discrecional de *certiorari*, con el fin de que revoquemos la *Orden* dictada el 13 de marzo de 2026, y notificada el 16 de marzo de 2026, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. En dicha orden, en respuesta a varias mociones interpuestas por las partes litigantes, el TPI expresó "[n]ada que disponer. No se autorizan más réplicas ni dúplicas en este caso. Véase resolución de 19 de febrero de 2026".

En la resolución de referencia -ante el reclamo de la señora Rosado Pedroza de un presunto crédito a su favor- el TPI puntualizó que el caso terminó mediante acuerdo transaccional avalado en la sentencia por estipulación dictada el 2 de octubre de 2024, final y firme. Por ello, el TPI dispuso que, de existir alguna controversia con relación a una obligación por concepto de créditos, dicho reclamo debía presentarse en un pleito independiente. Aclaró que,

mientras tanto, los fondos consignados se mantendrían bajo la custodia del tribunal.[1]

En su recurso de *certiorari,* la señora Rosado Pedroza objeta la denegatoria del TPI a dilucidar la controversia sobre el crédito reclamado por razón de haberse dictado sentencia en el caso. Arguye que postergar la resolución de esa controversia, obligándola a iniciar un pleito independiente, contraviene principio de economía procesal que rige en nuestro ordenamiento jurídico.

Por su parte, en su *Oposición a Expedición de Auto de Certiorari,* la parte recurrida, Sr. Serafín Gilberto Rosado Colón (señor Rosado Colón) alegó que el recurso incoado es tardío, poque la señora Rosado Pedroza realmente solicita que se revise lo resuelto en la resolución de 19 de febrero de 2026. En la alternativa, adujo que no existía una controversia real por concepto de créditos porque los reclamos entre las partes habían sido finiquitados mediante la sentencia por estipulación.

En cuanto al planteamiento de que la parte peticionaria solicita que revisemos los asuntos resueltos en la resolución de 19 de febrero de 2026, el señor Rosado Colón tiene razón. El señalamiento para que el foro primario atienda la controversia del presunto crédito es tardío. Ello pues, porque fue en la resolución de 19 de febrero de 2026 que el TPI ordenó a las partes a dilucidar en un pleito independiente la controversia sobre el presunto crédito. A partir de esa fecha comenzó a transcurrir el término de treinta (30) días de estricto cumplimiento que tenía la parte peticionaria para presentar el recurso. El término para recurrir de esa resolución venció el 23 de marzo de 2026. Al no haber solicitado la revisión de dicho dictamen oportunamente, ni haberse acreditado justa causa

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso SJ2021CV02048, *Resolución,* entrada 183.

para tal omisión, no tenemos jurisdicción para revisar lo actuado por el TPI en esa resolución.[2]

En otro extremo, respecto a lo dispuesto en la resolución de 13 de marzo de 2026, el TPI actuó correctamente al proveer *nada que disponer* en relación con las mociones interpuestas por las partes. Esa determinación surge a raíz de la solicitud de desembolso de fondos consignados incoada el 25 de febrero de 2026 por el señor Rosado Colón[3], el subsiguiente escrito en oposición (en el que la señora Rosado Pedroza reitera su solicitud de crédito)[4] y los escritos en réplica[5] y dúplica[6]. El TPI ya se había expresado sobre dichos asuntos en la resolución de 19 de febrero de 2026, al determinar que conservaría bajo su custodia los fondos consignados hasta que se adjudicara el reclamo de crédito en un pleito independiente.

La expresión *nada que disponer* no constituye una adjudicación, ni interlocutoria ni final. Más bien, se trata de una manifestación del tribunal de que no tiene nada que decidir en cuanto a las solicitudes de las partes. Al no haber ningún pronunciamiento adjudicativo, no existe una decisión sujeta a revisión por este Tribunal. Como es sabido, los tribunales solo pueden evaluar aquellos casos que son justiciables, pues es su deber adjudicar controversias que sean reales y vivas.[7] La ausencia de una controversia justiciable impide al tribunal ejercer su jurisdicción.

Así pues, en vista de que la reclamación de la señora Rosado Pedroza fue presentada tardíamente y carente de un fundamento

---

[2] Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2; Regla 32 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).

[3] Véase, SUMAC en el caso SJ2021CV02048, *Moción en Solicitud de Remedio,* Entrada 185.

[4] *Íd., Moción Ratificando Solicitud,* Entrada 187.

[5] *Íd., Moción en Cumplimiento de Orden,* Entrada 199

[6] *Íd., Réplica a Moción en Cumplimiento de Orden,* Entrada 200.

[7] *Ramos, Méndez v. García García,* 203 DPR 379, 393 (2019); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *Moreno v. U.P.R. II,* 178 DPR 969, 973 (2010).

justiciable, se desestima el recurso por falta de jurisdicción, al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones.[8]

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] *In re Aprob. Enmdas. Reglamento TA*, supra.